Ira M. Schwartz, (SBN 010448)
Byron Forrester (SBN 033877)
**Parker Schwartz, PLLC**
7310 N. 16th Street, Suite 330
Phoenix, Arizona 85020
*Telephone*: (602) 282-0477
*Facsimile*: (602) 282-0478
ischwartz@psazlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Centre for Middle Ground, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Glenn Sandifer Consulting, LLC, a Tennessee limited liability company; Glenn Sandifer and Jane Doe Sandifer, husband and wife,<br><br>Defendants | Case No.: _____<br><br>**COMPLAINT**<br><br>**(Trademark Infringement)**<br><br>**(DEMAND FOR JURY TRIAL)** |

Centre for Middle Ground, LLC ("CMG") for its complaint against Glenn Sandifer Consulting, LLC ("GSC") and Glenn Sandifer ("Sandifer") and Jane Doe Sandifer, complains and alleges as follows.

**Parties and Jurisdiction**

1. Centre for Middle Ground LLC is an Arizona limited liability company with its principal place of business in Ahwatukee, Arizona.

2. Glenn Sandifer Consulting LLC is a Tennessee limited liability company, and upon information and belief, its principal business office is located in Hermitage, Tennessee.

3. Upon information and belief, Glenn Sandifer is a resident of Tennessee.

4. Upon information and belief, Jane Doe Sandifer is the spouse of Glenn Sandifer, and is a resident of Tennessee. Upon information and belief all actions taken by Glenn Sandifer as alleged herein, were taken for the benefit of his marital community.

5. This matter involves a claim for infringement of a federally registered trademark. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1338.

6. GSC and Sandifer engaged in acts of trademark infringement and unfair competition as further alleged herein. These actions took place and caused harm and damage in Arizona among other places. Venue is proper in this district pursuant to 28 U.S.C. §1391.

**Factual Background**

7. CMG is engaged in the business of providing counseling services. CMG is well known for providing counseling services to adolescent girls, emerging women, and couples. As part of its professional practice, CMG provides couples counseling including counseling services focused on inter-personal relationships, including pre-marital and marriage counseling, family counseling. relationship counseling, relationship enrichment workshops, and public speaking. Its services also include counseling for men and women.

8. While CMG's office is located in the greater Phoenix area, it advertises its services on the internet and in other media, and its advertising extends beyond the Arizona borders and it serves patients both in and outside of Arizona.

2

9. CMG promotes its practice online through its website at www.centreformiddleground.com and through its social media presence and other websites.

10. CMG's reputation for its counseling and relationship services extends beyond the borders of Arizona.

11. In connection with its counseling practice, CMG is the owner of the following federal trademark registrations:

    a. U.S. Trademark Reg. No. 6,644,228 issued February 15, 2022 for the mark CENTRE FOR MIDDLE GROUND, registered for the following services: Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Marriage counseling; Providing emotional counseling and emotional support services for adolescent girls, emerging women and couples; Providing personal support services for patients and families of patients, namely, emotional counseling and emotional support; and

    b. U.S. Trademark Reg. No. 6,644,248 issued February 15, 2022 for the mark MIDDLE GROUND, registered for the following services: Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Marriage counseling; Providing emotional counseling and emotional support services for adolescent girls, emerging women and couples; Providing personal support services for patients and families of patients, namely, emotional counseling and emotional support.

12. In addition, due to the extensive use and promotion of the terms CENTRE FOR MIDDLE GROUND and MIDDLE GROUND in connection with its practice, CMG has developed substantial common law trademark rights in these marks.

13. CMG has developed a substantial reputation and goodwill associated with its trademarks CENTRE FOR MIDDLE GROUND and MIDDLE GROUND.

14. Sandifer is an author and business consultant.

15. Sandifer has authored two books under the title "The Middle Ground." These books are advertised as offering insight into romantic relationships and dating. These books are used in part to promote Sandifer's business, which includes providing consultations giving relationship advice using the term "Middle Ground." See the website promoting his books and his relationship consultations attached as Exhibit A.

16. In addition to providing consulting services in the field of relationship advice, Sandifer, both directly and through his company, offers similar relationship advice through various methods, including through his website located at themiddlegroundbook.com, through a blog, through podcasts, and through multiple public speaking engagements. All of these services are offered under the term THE MIDDLE GROUND and many of these services are in the field of relationship advice or relationship coaching.

17. The website, podcast, and blog are provided through Sandifer's company GSC.

18. Upon information and belief, these services are provided directly by Sandifer personally.

4

19. On May 18, 2023, GSC and Sandifer emailed CMG to request consent for use of the trademark MIDDLE GROUND.

20. On May 23, 2023 CMG discovered GSC and Sandifer were already utilizing MIDDLE GROUND to provide Relationship Coaching and related services.

21. On June 2, 2023 CMG responded to GSC and Sandifer denying their request for a consent agreement and demanding they cease and desist from using of the trademark MIDDLE GROUND.

22. The services offered by Sandifer are likely to cause and are causing confusion in the marketplace with the services offered by CMG.

23. Due to the overlap in the relationship advice provided by Sandifer and GSC, and the counseling services provided by CMG, the public is likely to believe that Sandifer and GSC are sponsored by or affiliated with CMG.

24. These actions by Sandifer and GSC are causing harm and damage to CMG.

25. These actions by Sandifer and GSC are causing irreparable injury to CMG, and unless restrained are likely to continue to cause irreparable injury to CMG.

26. CMG has given written notice to GSC and Sandifer that its actions are violating its trademark rights.

27. Despite such notice, GSC and Sandifer have continued to infringe upon CMG's trademark rights.

28. Such continued actions demonstrate that GSC and Sandifer's actions are willful and intentional.

5

## Count 1

## Federal Trademark Infringement

29. Plaintiff realleges the allegations set forth in paragraphs 1 - 25 above and incorporates them here by this reference.

30. CMG is the owner of a federal trademark for the mark CENTRE FOR MIDDLE GROUND.

31. CMG is the owner of a federal trademark registration for the mark MIDDLE GROUND.

32. These marks are registered for the following services: Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Marriage counseling; Providing emotional counseling and emotional support services for adolescent girls, emerging women and couples; Providing personal support services for patients and families of patients, namely, emotional counseling and emotional support.

33. Sandifer and GSC are using the term MIDDLE GROUND in connection with services which are confusingly similar to the services provided by CMG. These services including providing relationship coaching, and promoting and providing an online website, blog, podcast, and videos related to providing relationship advice, and providing public speaking engagements featuring discussion of relationship advice.

34. Such actions are likely to cause and are causing confusion in the marketplace.

35. Such actions by Sandifer and GSC have caused and are continuing to cause harm and damage to CMG in the amount to be proven at trial.

36. The actions of Sandifer and GSC are causing and, unless retrained, will continue to cause irreparable injury to CMG.

37. CMG is entitled to injunctive relief.

38. GSC and Sandifer's actions are willful and intentional.

39. CMG is entitled to treble damages and recovery of their attorneys' fees incurred in this matter.

### Count 2

### Common Law Trademark Infringement

40. Plaintiff realleges the allegations set forth in paragraphs 1 - 36 above and incorporates them here by this reference.

41. CMG has used the trademarks CENTRE FOR MIDDLE GROUND and MIDDLE GROUND in connection with its counseling business since at least as early as 2017.

42. CMG had developed substantial goodwill and a substantial reputation due to its long and continuous use of its trademarks.

43. CMG has actively promoted its goods and services using its trademarks.

44. CMG has substantial common law trademark rights in connection with its trademarks.

45. Sandifer and GSC are using the term MIDDLE GROUND in connection with services which are confusingly similar to the services provided by CMG. These services include providing relationship coaching, and promoting and providing an online website,

7

blog, podcasts, and videos related to providing relationship advice, and providing public speaking engagements featuring discussion of relationship advice.

46. Such actions are likely to cause and are causing confusion in the marketplace.

47. Such actions by Sandifer and GSC have caused and are continuing to cause harm and damage to CMG in the amount to be proven at trial.

48. The actions of Sandifer and GSC are causing and, unless retrained, will continue to cause irreparable injury to CMG.

### Count 3

### Federal Unfair Competition

49. Plaintiff realleges the allegations set forth in paragraphs 1 - 45 above and incorporates them here by this reference.

50. CMG has used the terms CENTRE FOR MIDDLE GROUND and MIDDLE GROUND in connection with its practice for since at least as early as 2017.

51. The public has come to associate the terms CENTRE FOR MIDDLE GROUND and MIDDLE GROUND with CMG and its business.

52. GSC and Sandifer are using the term MIDDLE GROUND in connection with their services namely providing relationship coaching, and promoting and providing an online website, blog, podcast, and videos related to providing relationship advice, and providing public speaking engagements featuring discussion of relationship advice.

53. Sandifer and GSC use of the term MIDDLE GROUND is likely to cause confusion or mistake as to the affiliation, connection, or association of Sandifer and GSC with CMG, and are actually causing such confusion and mistake.

54. These actions by Sandifer and GSS are acts of unfair competition, a violation of 17 U.S.C. §1125(a).

55. The actions of Sandifer and GSC are causing and, unless retrained, will continue to cause irreparable injury to CMG.

56. CMG is entitled to injunctive relief.

57. GSC and Sandifer's actions are willful and intentional.

58. CMG is entitled to treble damages and recovery of their attorneys' fees incurred in this matter.

WHEREFORE, CMG requests relief as follows:

A. For an award of damages in the amount to be proven at trial due to Defendants violation of 15 U.S.C. § 1114.

B. For a preliminary injunction prohibiting and restraining Defendants, their employees, agents, representatives and all persons in active concert with them from using the trademarks CENTRE FOR MIDDLE GROUND and MIDDLE GROUND or either of them or any confusing similar mark or designation on or in connection with the following services or any similar or related goods and services: Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Marriage counseling; Providing emotional counseling and emotional support services for adolescent

9

girls, emerging women and couples; Providing personal support services for patients and families of patients, namely, emotional counseling and emotional support; providing relationship coaching, and promoting and providing an online website, blog, podcasts and videos related to providing relationship advice, and providing public speaking engagements featuring discussion of relationship advice; or from using the those marks or any confusing similar marks on any books, pamphlets, textual materials, or any online social media accounts, blogs, podcasts, or any public speaking engagement which any of the above topics are the subject of such books, pamphlets, textual materials, or any online social media accounts, blogs, podcasts or any public speaking engagement.

C. For an order requiring Defendants to collect, assemble, and deliver to counsel for the Plaintiff during the pendency of the lawsuit, and for destruction upon the conclusion of the lawsuit, any and all of the following items bearing or using any of Plaintiff's trademarks or any substantial similar mark or designation: all books, pamphlets, and printed advertising or marketing materials.

D. For damages due to Defendants' common law trademark infringement in the amount to be proven at trial.

E. For treble damages and attorneys' fees. 15 U.S.C. §1117

F. For such other relief as the Court deems just and proper.

**Jury Trial Demand**

CMG demands a trial by jury.

DATED: November 28, 2023.

                          **Parker Schwartz, PLLC**

                          By   *s/Ira M. Schwartz*
                                Ira M. Schwartz
                                Byron Forrester
                                7310 North 16th Street
                                Suite 330
                                Phoenix, Arizona 85020
                                *Attorneys for Plaintiff*